**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE A. VILLEGAS, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | No. |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| BACCI CAFÉ & PIZZERIA ON MILWAUKEE AVE., INC., BACCI PIZZERIA SCHILLER PARK, INC., and PASQUALE DI DIANA, individually, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Jose A. Villegas, (hereafter "Plaintiff"), on behalf of himself and all other persons similarly situated, known and unknown, in support of his Complaint against Defendants Bacci Café & Pizzeria on Milwaukee Ave., Inc. ("Milwaukee Ave."), Bacci Pizzeria Schiller Park, Inc. ("Schiller Park"), and Pasquale Di Diana, individually ("Di Diana")(collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), for Defendants' failure to pay Plaintiff and other similarly situated employees earned minimum and overtime wages.  Plaintiff also brings individual claims under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for Defendants' failure to pay him required overtime wages and minimum wages.  Plaintiff also brings a claim under the Illinois Wage Payment and

Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for Defendants' failure to compensate him for all time worked.

2.     Plaintiff and other similarly-situated, current and former employees worked for Defendants as delivery drivers.

3.     Defendants paid their delivery drivers a job rate that equated to a rate below the minimum hourly wage under the provisions of the IMWL and the FLSA.

4.     Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over Plaintiff's FLSA claims, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events and omissions giving rise to this action occurred in this district.

7.     This Court has supplemental jurisdiction over Plaintiff's IMWL, IWPCA and City of Chicago Minimum Wage Ordinance claims pursuant to 28 U.S.C. § 1367.

**THE PARTIES**

8.     Plaintiff resides in and is domiciled in this judicial district.

9.     Defendant Milwaukee Ave. is an Illinois corporation.

10.     Defendant Schiller Park is a dissolved Illinois Corporation.

11.     Defendant Di Diana is the Owner and President of Defendants Milwaukee Ave., Inc. and Schiller Park.

12.     Defendant Di Diana is involved in the day to day business operations of Defendants Milwaukee Ave. and Schiller Park.

13.     Defendant Di Diana hires and fires employees, directs and supervises the work of employees, signs on the corporate Defendants' checking accounts, including payroll accounts, and makes decisions regarding employee compensation and capital expenditures.

14.     Defendant Milwaukee Ave. is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

15.     Defendant Milwaukee Ave. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

16.     During the course of his employment with Defendant Milwaukee Ave., Plaintiff handled goods, including perishable food products that moved in interstate commerce.

17.     Defendant Schiller Park is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

18.     Defendant Schiller Park is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

19.     During the course of his employment with Defendant Schiller Park, Plaintiff handled goods, including perishable food products that moved in interstate commerce.

20.     Defendant Milwaukee Ave. was Plaintiff's "employer" as that term is defined by Section 3(d) the FLSA, 29 U.S.C. § 203(d); 820 ILCS 105/3(c) of the IWML; the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010; and 820 ILCS 115/2 of the IWPCA.

21.     Defendant Schiller Park was Plaintiff's "employer" as that term is defined by Section 3(d) the FLSA, 29 U.S.C. § 203(d); 820 ILCS 105/3(c) of the IWML; and 820 ILCS 115/2 of the IWPCA.

22.     Defendant Di Diana was Plaintiff's "employer" as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d); 820 ILCS 105/3(c) of the IWML; the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010; and 820 ILCS 115/2 of the IWPCA.

23.     Plaintiff was an "employee" of Defendant Milwaukee Ave. as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)(1);820 ILCS 105/3(d) of the IWML; the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010; and 820 ILCS 115/2 of the IWPCA.

24.     Plaintiff was an "employee" of Defendant Schiller Park as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)(1);820 ILCS 105/3(d) of the IWML; and 820 ILCS 115/2 of the IWPCA.

25.     Plaintiff was an "employee" of Defendant Di Diana as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)(1);820 ILCS 105/3(d) of the IWML; the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010; and 820 ILCS 115/2 of the IWPCA.

## FACTUAL BACKGROUND

26.     Plaintiff Jose A. Villegas worked for Defendants from approximately August 20, 2016 through approximately February 1, 2018.

27.     Plaintiff was Defendant Schiller Park's employee during the first two weeks of October 2017 only.

28.     Plaintiff was Defendant Milwaukee Ave.'s employee at all times other than the two weeks he worked for Defendant Schiller Park.

29.     Plaintiff was Defendant Di Diana's employee for his entire time of employment.

30.     Plaintiff worked for Defendants as a delivery driver.

31.     While working as a delivery driver, Defendants did not pay Plaintiff an hourly wage. Instead, Defendants paid Plaintiff on a job rate basis.

32.     Plaintiff was paid by Defendants a $3.00 fee for each delivery he made.

33.     Defendants likewise paid other delivery drivers a $3.00 fee per delivery.

34.     The full applicable minimum wage in the State of Illinois has been $8.25 per hour for non-tipped employees and $4.95 per hour for tipped employees since January 1, 2011.

35.     The applicable minimum wage in the City of Chicago was $10.50 per hour for non-tipped employees and $5.95 per hour for tipped employees from July 2016 to June 2017.

36.     The applicable minimum wage in the City of Chicago has been $11.00 per hour for non-tipped employees and $6.10 per hour for tipped employees since July 2017.

37.     The $3.00 per delivery fee, plus tips Plaintiff received from customers, did not satisfy the full minimum wage in one or more individual work weeks.

38.     In one or more individual work weeks during the prior three years, Plaintiff and other delivery drivers were required to reimburse Defendants for errors in deliveries, damaged deliveries, customer complaints, and robberies.

39.     In one or more individual work weeks during the prior three years, other delivery drivers were required to reimburse Defendants for errors in deliveries, damaged deliveries, customer complaints, and robberies.

40.     Plaintiff was required to reimburse Defendants $80 after a delivery customer stole the money from Plaintiff.

41.     During his employment, Plaintiff was required to reimburse Defendants between $700 and $1300 for deliveries that Defendants erroneously assigned to Plaintiff.

42.     Defendants required Plaintiff and other similarly situated delivery drivers to use their own vehicles to perform deliveries on behalf of Defendants.

43.     Defendants required that Plaintiff and other similarly situated delivery drivers maintain their vehicles insured and legally operable to make Defendants' deliveries.

44.     Defendants also required Plaintiff and other similarly situated delivery drivers to pay for their own gasoline, vehicle parts and fluids, repairs and maintenance services, insurance, depreciation and other expenses while delivering food for the primary benefit of Defendants.

45.     Defendants were required to reimburse Plaintiff and other similarly situated delivery drivers for the vehicle-related expenses they incurred in order to ensure that the wages paid to Plaintiff and other similarly situated delivery drivers did not fall below the minimum wage when these expenses were taken into account.

46.     In one or more individual work weeks during his employment by Defendants, Plaintiff worked in excess of forty (40) hours per week.

47.     Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

48.     Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them all overtime wages for work performed in excess of forty (40) hours per week.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action Under 29 U.S.C. §216(b)

Plaintiff hereby realleges and incorporates paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

49. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §206, for their failure to pay Plaintiff and other similarly-situated delivery drivers minimum wages.

50. Defendants paid Plaintiff and other similarly-situated delivery drivers who received tips $3.00 for each delivery they completed.

51. During one or more work weeks in the last three years, Defendants took deductions from the tips earned by Plaintiff and other similarly-situated delivery drivers to reimburse Defendants for errors with deliveries, damaged deliveries, and customer complaints.

52. Because of these deductions, Plaintiff and other similarly-situated delivery drivers did not retain all of the tips they received, in violation of section 3(m) of the FLSA. 29 U.S.C. § 203(m).

53. Plaintiff was not reimbursed for out-of-pocket vehicle maintenance and costs that caused his wages to fall below the required minimum wage.

54. In addition, in one or more work weeks during the prior three years, the wages paid to Plaintiff combined with the tips he received from customers did not satisfy the full minimum wage.

55. Defendants' practices violate the minimum wage provisions of the FLSA.

56.    Plaintiff and other delivery drivers of Defendants are entitled to recover unpaid minimum wages for a period of three years, because Defendants' violations of the FLSA were willful.

WHEREFORE, Plaintiff, for himself and on behalf of all similarly-situated delivery drivers, pray for judgment against Defendants as follows:

A.    A judgment in the amount of the owed minimum wages due to Plaintiff and similarly-situated delivery drivers for all time worked;

B.    Liquidated damages in an amount equal to the unpaid minimum wages;

C.    Reasonable attorneys' fees;

D.    Costs incurred in filing and prosecuting this action; and

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 56 of this Complaint as if fully set forth herein.

57.    This count arises from Defendants' failure to pay Plaintiff earned minimum wages in violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*

58.    Plaintiff worked for Defendants as a delivery driver.

59.    Defendants paid Plaintiff a job rate that equated to a rate below the minimum wage.

60.    During one or more work weeks in the last three years, Defendants took deductions from the tips earned by Plaintiff to reimburse Defendants for errors with deliveries, damaged deliveries, and customer complaints.

61.     Because of these deductions, Plaintiff did not retain all of the tips he received, in violation of section 3(m) of the FLSA. 29 U.S.C. § 203(m).

62.     Plaintiff was not reimbursed for out-of-pocket vehicle maintenance and costs that caused his wages to fall below the required minimum wage.

63.     In addition, in one or more work weeks during the prior three years, the wages paid to Plaintiff combined with the tips he received from customers did not satisfy the full minimum wage.

64.     Defendants' practices violated the minimum wage provisions of the IMWL.

65.     Plaintiff is entitled to recover unpaid minimum wages for a period of three years.

66.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid wages, plus prejudgment interest in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.      A judgment in the amount of the owed minimum wages due to Plaintiff for all time worked;

B.      Prejudgment interest on the back wages owed in accordance with 820 ILCS 105/12;

C.      An injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*;

D.      Reasonable attorneys' fees;

E.      Costs incurred in filing this action; and

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 66 of this Complaint, as if fully set forth herein.

67. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., for Defendants' failure to pay overtime wages to Plaintiff for all time he worked in excess of forty (40) hours per week.

68. In one or more individual work week during his employment by Defendants, Plaintiff worked in excess of forty (40) hours per week.

69. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

70. Other similarly situated delivery drivers have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them all overtime wages for work performed in excess of forty (40) hours per week.

71. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

72. Pursuant to 29 U.S.C. § 207, for all weeks during which other similarly-situated delivery drivers worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

73. Defendants' failure to pay overtime wages to Plaintiff for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

74. Defendants' failure to pay overtime wages to other similarly situated delivery drivers for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

75. Defendants' failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the federal or Illinois minimum wage or the regular rate of pay for all hours which Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Plaintiff individually only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

76. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

77. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

11

78.     Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

79.     During his employment with Defendants, Plaintiff worked in excess of forty (40) hours in one or more individual work weeks.

80.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

81.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or his regular rate of pay for all hours in which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B.      punitive damages in the amount of two percent (2%) per month of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C.      reasonable attorneys' fees and costs incurred in filing this action; and

D.      such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the City of Chicago Minimum Wage Ordinance - Minimum Wages
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 81 of this Complaint, as if fully set forth herein.

82.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

83.     This count arises from Defendants Di Diana and Milwaukee Ave.'s violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance.  Chapter 1-24, Section 1-24-020.  Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

84.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for all time Plaintiff worked for Defendants at their 4367 N. Milwaukee Ave., Chicago, IL location, he was entitled to be compensated at the applicable City of Chicago Minimum Wage.

85.     Defendants Di Diana and Milwaukee Ave. violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiff at the then applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks at their 4367 N. Milwaukee Ave., Chicago, IL location.

86.     Plaintiff was not paid an hourly wage for the work he performed on behalf of Defendants Di Diana and Milwaukee Ave. at their 4367 N. Milwaukee Ave., Chicago, IL location.

87.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiff is entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiff prays for a judgment against Defendants Di Diana and Milwaukee Ave. as follows:

A.     A judgment in the amount of Plaintiff's unpaid minimum wages for all time worked;

B.      Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**Violation of the Illinois Wage Payment and Collection Act – Unauthorized Deductions**
**(Plaintiff Individually Only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 87 of this Complaint, as if fully set forth herein.

88.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. 1367.

89.     This count arises from Defendants' violation of the IWPCA for taking unauthorized deductions from the earned wages of Plaintiff.

90.     During the course of Plaintiff's employment, Defendants regularly made deductions from Plaintiff's wages.

91.     Among other reasons, Defendants took deductions from Plaintiff's wages to penalize Plaintiff after a customer stole money from Plaintiff.

92.     Additionally, Defendants took deductions from Plaintiff's wages to penalize Plaintiff for deliveries that Defendants assigned to Plaintiff on Defendants' internal delivery sheet, but did not send Plaintiff to complete.

93.     Such deductions (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with express written consent of Plaintiff, given freely at the time the deductions were made.

94.     Defendants violated the IWPCA, 820 ILCS 115/9, by making illegal deductions from Plaintiff's earned wages.

95.     Plaintiff was damaged by Defendants' violation of the IWPCA.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

14

A.      A judgment in the amount of all back wages due to Plaintiff as provided by the Illinois Wage Payment and Collection Act;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.      Such other and further relief as this Court deems appropriate and just.


                         Respectfully submitted,

Dated:  May 15, 2018             s/Douglas M. Werman
                                  One of Plaintiff's Attorneys


Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff